## BURROUGHS v. SANFORD.

### No. 1926.

District Court, N. D. Georgia, Atlanta Division.

Dec. 14, 1943.

Laconia C. Burroughs, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

920

UNDERWOOD, District Judge.

Petitioner was, on December 18, 1941, sentenced in the United States District Court for the Northern District of Alabama on an indictment of three counts charging violation of the White Slave Traffic Act, 18 U.S.C.A. § 397 et seq. He was given a sentence of five years on Count 2, five years on Count 3, to run consecutively with the sentence on Count 2, and placed on probation for a period of three years on Count 1.

Petitioner has had a previous writ of habeas corpus relating to the same indictment and trial, which was discharged by order of this Court, affirmed by the Court of Appeals for the Fifth Circuit, Burroughs v. Sanford, Warden, 135 F.2d 735.

Petitioner was represented in the trial court by counsel of his own selection and employment.

The only ground alleged for writ of habeas corpus in this proceeding is that his constitutional rights were violated because of racial discrimination in the selection and composition of the grand jury and the petit jury which tried him. As far as the record shows, this is the first time this question has been raised by petitioner in any proceeding.

It appears from the certificate, admitted in evidence without objection, of the Clerk of the United States District Court for the Northern District of Alabama, a member of the United States Jury Commission for said District, that said Commission has "made every effort to get the names of persons in the Northern District of Alabama who meet the required qualifications and have done so without regard to race, color, or previous condition of servitude or political affiliation whatsoever," and that they "have never yet failed to include a substantial number of names of qualified negro citizens of this district"; and further, that "some juries have several Negro jurors on them and some have none, but as a rule one or more Negro names are drawn in each venire."

Petitioner introduced no evidence to show that there had been any intentional, systematic or arbitrary exclusion of Negroes from the grand and petit juries which considered his case. That no Negro happened to be drawn on such juries is not alone sufficient to establish discrimination and petitioner proved nothing more. Petitioner's constitutional right is that "there shall be no exclusion of his race, and no discrimination against them because of their color. But this is a different thing from the right which it is asserted was denied to the petitioners * * * a right to have the jury composed in part of colored men. A mixed jury in a particular case is not essential to the equal protection of the laws, and the right to it is not given * * * by any Federal statute." Commonwealth of Virginia v. Rives, 100 U. S. 313, 322, 323, 25 L.Ed. 667. On the other hand, the evidence made out a prima facie case of compliance with the law in this respect. A mere colorable compliance would not be sufficient, but petitioner, upon whom the burden of proof rests (Johnson v. Zerbst, 304 U. S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; United States v. Brady, 4 Cir., 133 F.2d 476), has not shown a case of systematic discrimination against Negroes or only a colorable compliance with the law.

This case is to be distinguished from Smith v. Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84; Hill v. Texas, 316 U. S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559, and other cases, in that the evidence in this case failed to establish the fact of systematic or arbitrary discrimination against Negroes. Furthermore, the cited cases pertained to appeals and not to habeas corpus proceedings.

No other ground which would sustain the writ of habeas corpus has been established.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is hereby discharged and petitioner remanded to the custody of respondent.